IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD WATKINS,                                No. 3:25-cv-00758-AB

              Plaintiff,                        OPINION & ORDER

      v.

ANDREW MYERS, an individual;
JUDGE JOHN A. WOLF, in his
individual capacity; KENNETH
THOMAS, an individual; KENDRA
THOMAS, an individual; PEACHY
AND MYERS, an Oregon professional
corporation; JANE DOES 1–6; and
WASCO COUNTY, a political
subdivision of the State of Oregon,

              Defendants.

**BAGGIO, District Judge:**

      Self-Represented Plaintiff Richard Watkins brings this action against Defendants Andrew

Myers, Peachey Davies & Myers, P.C.,[1] Kendra Thomas, Kenneth Thomas (collectively, the

"Legal Opponent Defendants"), Wasco County, and Wasco County Circuit Court Judge John A.

---

[1] In his pleadings, Plaintiff refers to Peachey Davies and Myers, P.C., as "Peachy and Meyers."

Wolf alleging constitutional violations and state tort claims arising from an underlying state court action.

Before the Court is Legal Opponent Defendants' Motion to Dismiss and Special Motion to Strike, Defendant Wasco County's Motion to Dismiss, and Defendant Judge Wolf's Motion to Dismiss. Legal Opp. Defs.' Mot. Dismiss ("Legal Opp. MTD"), ECF No. 8; Def. Wasco Cnty.'s Mot. Dismiss ("Wasco Cnty. MTD"), ECF No. 22; Def. Judge Wolf's Mot. Dismiss ("Judge Wolf MTD"), ECF No. 29. For the reasons below, the Court grants in part Defendants' motions and dismisses all of Plaintiff's claims.

## BACKGROUND

This case arises out of a foreclosure action between Watkins and Defendants Kenneth and Kendra Thomas. [2] On June 6, 2024, the Thomases filed a civil complaint in Wasco County Circuit Court against Watkins seeking "to enforce a trustee foreclosure concerning disputed property rights." Am. Compl. ¶¶ 6–7, ECF No. 5. Watkins asserts that he was incarcerated at the time the underlying complaint was filed and during a "substantial portion" of the litigation. *Id.* ¶ 8. The Thomases were represented by Defendant Myers of the law firm Peachey Davies & Myers, P.C. *Id.* ¶ 6.

Watkins asserts that Legal Opponent Defendants "acted with deliberate timing in an attempt to secure a judgment before [Watkins'] scheduled release date . . . ." *Id.* ¶ 9. He alleges that "this was done to deprive [Watkins] of the opportunity to meaningfully defend himself while free and capable of directly accessing the court." *Id.* ¶ 9. Watkins further alleges that the Legal

---

[2] For clarity, the Court uses Plaintiff's last name, Watkins, in the background section because he is the defendant in the underlying foreclosure action.

Opponent Defendants "submitted declarations and filings containing false or misleading information . . . ." *Id.* ¶ 11.

Watkins also alleges that Defendant Judge Wolf engaged in unconstitutional conduct throughout the litigation. Watkins alleges that Defendant Judge Wolf deprived Watkins of due process in denying Watkins's motions for extension of time "on the basis that [Watkins] lacked adequate legal resources and therefore could not mount a proper defense." *Id.* ¶ 10. He also alleges that Defendant Judge Wolf failed to hold evidentiary hearings on Legal Opponent Defendants' false or misleading filings, denied Watkins's motion to disqualify Defendant Judge Wolf due to alleged bias, and denied or ignored other motions "seeking to clarify the vague complaint, to compel discovery, and to challenge jurisdiction." *Id.* ¶¶ 11-12. Watkins further alleges that an individual other than Defendant Judge Wolf presided over a telephonic hearing in his case, even though Defendant Judge Wolf signed the record for that hearing. *Id.* ¶ 14.

On April 21, 2025, the same day that Defendant Judge Wolf held a summary judgment hearing, summary judgment was entered in favor of the Thomases. *Id.* ¶¶ 13, 15. Watkins alleges that Defendant Judge Wolf's failure to address Watkins's motions to compel discovery and for extension of time prior to the April 21 hearing was a "serious procedural deficiency and deprived [Watkins] of his right to a fair and responsive adjudicatory process." *Id.* ¶ 13. Watkins also alleges that his rights were violated when Defendant Judge Wolf told Watkins at the April 21 hearing that the interrogatories and admissions sought by Watkins were unavailable in civil cases. *Id.* ¶ 19.

On April 29, 2025, Watkins sought a final judgment to appeal but was informed that no such order had been filed. *Id.* ¶ 15. Three days later, Watkins asserts he filed a motion to compel the final judgment and "submitted a formal Court Records Request for the final signed judgment

order and related documents" that went unfulfilled. *Id.* ¶¶ 16-17. Next, Watkins tried to file a notice of appeal with the trial court clerk along with a declaration that the "final judgment order was being wrongfully withheld." *Id.* ¶ 18. Watkins alleges that the clerk refused to accept the filing. *Id.* ¶ 18.

Watkins "asserts that these events, collectively and individually, constitute a coordinated effort between [Defendants] to deprive him of his constitutional rights under color of law." *Id.* ¶ 21. Plaintiff brings claims under 42 U.S.C. § 1983 against all Defendants, asserting Defendants violated his due process rights under the Fourteenth Amendment (Claim One) and acted in concert to violate his civil rights (Claim Two). Compl. ¶¶ 23–24, ECF No. 2.[3] Plaintiff also brings Oregon tort claims for Abuse of Process (Claim Three), Fraud and Misrepresentation (Claim Four), Intentional Infliction of Emotional Distress (Claim Five), and Malicious Prosecution (Claim Six) against Defendant Myers and Defendant Peachey Davies & Myers, P.C. *Id.* ¶¶ 25–34. Plaintiff brings his final Oregon tort claim for Negligent Supervision (Claim Seven) against only Defendant Peachey Davies & Myers, P.C. *Id.* ¶¶ 35–37. Plaintiff seeks damages along with injunctive and declaratory relief. Am. Compl. V; Compl. V.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the Court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under

---

[3] On May 7, 2025, Plaintiff filed an Amended Complaint incorporating the claims in his original complaint. Am. Compl. 3 (stating "[c]laims remain unchanged"). Accordingly, the Court considers both documents in its analysis here.

Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of their "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 679.

Courts must liberally construe pleadings from self-represented parties. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)*, overruled on other grounds by Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977 (9th Cir. 2024). Additionally, a court cannot dismiss a complaint from a self-represented party without first explaining to that party the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a complaint from a self-represented party without leave to amend is proper only if the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendants move to dismiss all of Plaintiff's claims. Legal Opponent Defendants argue: (1) they are private actors and, therefore, not subject to suit under Section 1983; and (2)

Plaintiff's tort claims are barred by the absolute litigation privilege.[4] Legal Opp. MTD 8, 12. Defendant Wasco County argues that it is not the proper defendant for Plaintiff's claims involving Wasco County Circuit Court employees. Wasco Cnty. Def. MTD 3. And Defendant Judge Wolf argues Plaintiff's claims are barred by absolute judicial immunity. Judge Wolf MTD 4. The Court agrees with Defendants.[5]

## I.      Legal Opponent Defendants' Motion to Dismiss

Legal Opponent Defendants move to dismiss all of Plaintiff's claims. First, Legal Opponent Defendants argue that they are not subject to suit under Section 1983 because they are private actors. Legal Opp. MTD 12. Second, they argue that Plaintiff's tort claims against Defendants Myers and Peachey Davies & Myers, P.C., ("Law Firm Defendants") are based solely on Defendant Myers's conduct in the course of the underlying litigation and therefore protected by Oregon's absolute litigation privilege. Legal Opp. MTD 8, 14.

A.      Section 1983

"[P]rivate parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Only in "exceptional cases" will a private entity be treated as a state actor under Section 1983. *O'Handley v. Weber*, 62 F.4th 1145, 1155–56 (9th Cir. 2023) *cert. denied*, 144 S.Ct. 2715 (2024).

A private party may act under color of state law "where there is significant state involvement in the action." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991).

---

[4] Legal Opponent Defendants also ask the Court to take judicial notice of the court documents from the underlying action. Legal Opp. MTD 15-16. Because the documents are not necessary to the Court's resolution of these motions, the Court declines to further address Legal Opponent Defendants' request.

[5] Because the Court dismisses Plaintiff's claims for the reasons discussed herein, the Court declines to address the remainder of the parties' arguments.

The plaintiff must allege that the private party "is a willful participant in joint action with the State or its agents." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008); *see also Children's Health Defense v. Meta Platforms, Inc.*, 112 F.4th 742, 754 (9th Cir. 2024) (describing the "state policy" and "state actor" requirements to bring a Section 1983 claim against a private party). In other words, the court must determine "whether the nature of the relationship between the private party and the government is such that 'the alleged infringement of federal rights is fairly attributable to the government.'" *Children's Health Defense*, 112 F.4th at 754 (brackets omitted) (quoting *Pasadena Republican Club v. Western Just. Ctr.*, 985 F.2d 1161, 1167 (9th Cir. 2021)).

Here, Plaintiff fails to allege that Legal Opponent Defendants—all private parties—have acted under color of state law. Plaintiff's claims are conclusory in this regard, broadly claiming that the events described in Plaintiff's pleadings "constitute a coordinated effort between" Defendants to deprive Plaintiff of his constitutional rights. Am. Compl. ¶ 21. But all of Plaintiff's allegations against Legal Opponent Defendants involve unilateral actions by Legal Opponent Defendants, including the timing of Legal Opponent Defendants' actions and the submission of "declarations and filings containing false or misleading information." *Id.* ¶¶ 9, 11. "'[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a joint actor with the judge.'" *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980)). In other words, Plaintiff's allegations that Legal Opponent Defendants "[i]nvok[ed] state legal procedures" is not sufficient to allege that Legal Opponent Defendants jointly participated with Defendant Judge Wolf to violate Plaintiff's rights. *See id*. As Plaintiff has not plausibly alleged that Legal Opponent

Defendants acted under color of state law, the Court dismisses Plaintiff's Section 1983 claims against Legal Opponent Defendants.

      B.     State Tort Claims

The scope of the absolute litigation privilege is liberal: "[I]t encompasses actions taken and statements made in connection with a judicial proceeding, and it embraces anything that may possibly be pertinent." *Triem v. State Farm Fire & Cas. Co.*, Case No. 3:21-cv-00710-AN, 2024 WL 4349113, at *3 (D. Or. Sept. 30, 2024) (citations and quotation marks omitted). "The privilege applies to 'statements or writings made during or as part of the litigation itself' and to 'similar statements which are made by a lawyer outside of the pleadings and actual trial of the case' if the statements or writings have 'some relation' thereto." *Davoodian v. Rivera*, 327 Or. App. 197, 216, 535 P.3d 309 (2023) (quoting *Chard v. Galton*, 277 Or. 109, 113, 559 P.2d 1280 (1977)). The absolute privilege applies to "any tort action." *Wollam v. Brandt*, 154 Or. App. 156, 162 n.5, 961 P.2d 219 (1998) (2023).

There is one exception to the privilege: "An actor's conduct is so egregious as to be deprived of the protections of the absolute privilege when that conduct satisfies the elements of wrongful initiation." *Mantia v. Hanson*, 190 Or. App. 412, 429, 79 P.3d 404 (2003) (finding that a claim for tortious interference with economic relations may be excepted from a claim of absolute litigation privilege where the "improper means" of interference is alleged to have been the "prosecution of unfounded litigation"). The elements for wrongful initiation are:

> (1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; (2) The termination of the proceeding in the plaintiff's favor; (3) The absence of probable cause to prosecute the action; (4) The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing adjudication of the claim; and (5) Damages.

*Alvarez v. Retail Credit Ass'n*, 234 Or. 255, 259-60, 381 P.2d 499 (1963).

Here, all of Plaintiff's tort claims against Law Firm Defendants are based on actions and statements made during judicial proceedings. Plaintiff alleges that Law Firm Defendants "acted with deliberate timing in an attempt to secure a judgment before Plaintiff's scheduled release date . . . ." Am. Compl. ¶ 9. Plaintiff also alleges that Law Firm Defendants "submitted declarations and filings containing false or misleading information . . . ." *Id.* ¶ 11. These allegations all relate to actions and statements made in connection with the underlying foreclosure proceedings.

In addition, Plaintiff has not alleged that Law Firm Defendants' conduct is so egregious as to be deprived of the protections of the privilege. Plaintiff does not—and cannot—plausibly allege the elements for wrongful initiation. To succeed on a claim for wrongful initiation, Plaintiff must allege that the underlying proceeding terminated in his favor. But Plaintiff concedes in his pleadings that summary judgment was granted in favor of the Thomases. Am. Compl. ¶ 15. Thus, the Court finds that Plaintiff's tort claims against Law Firm Defendants are barred by Oregon's absolute litigation privilege.

## II.    Defendant Wasco County's Motion to Dismiss

Defendant Wasco County moves to dismiss Plaintiff's claims against it on the grounds it cannot be liable under *Monell* for the acts of trial court employees because they are employees of the State of Oregon. Wasco Cnty. MTD 4. Oregon's Court Reform Act of 1983 unified the court system and transferred the employment of trial court staff and judges from counties to the state. ORS 8.235; *see also Or. AFSCME Council 75 v. Or. Jud. Dep't – Yamhill Cnty.*, 304 Or.App. 794, 796–98, 469 P.3d 812 (2020) ("Beginning in 1983, the legislature consolidated Oregon's trial courts . . . into a single unified court system funded directly by the state and administered centrally on a statewide basis."). As a result of this statutory change, "[t]rial court employees

ceased to be employees of the individual counties in which they worked and instead became employees of the state." *AFSCME*, 304 Or. App. at 797, 801-803 (describing internal court administration); *see also* ORS 1.001 ("[I]t is in the best interests of the people of this state that the judicial branch of state government, including the . . . circuit courts, be funded and operated at the state level.").

The Court finds that Plaintiff's claims fail as a matter of law because Defendant Wasco County is not the appropriate defendant in this matter. Plaintiff's Amended Complaint alleges no facts regarding improper conduct by Defendant Wasco County. *See generally* Am. Compl. Rather, Plaintiff claims that he is "invok[ing] *Monell* liability for failure to supervise or train court employees who obstructed appellate rights." Pl's Resp. Wasco Cnty. MTD 1, ECF No. 31. But, as stated above, Wasco County Circuit Court employees are employees of the State of Oregon, not the County. Therefore, Defendant Wasco County does not have a responsibility to supervise or train these employees. Accordingly, the Court dismisses Plaintiff's claims against Defendant Wasco County.

## III.    Defendant Judge Wolf's Motion to Dismiss

Defendant Judge Wolf moves to dismiss Plaintiff's Section 1983 claims, arguing that he is entitled to absolute judicial immunity.[6] "It is well settled that judges are generally immune from suit for money damages." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). There are only two circumstances where judicial immunity does not apply: nonjudicial actions and judicial actions taken in the complete absence of all jurisdiction. *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.

---

[6] Though Defendant Judge Wolf's reply brief refers to cases cited by Plaintiff in response to his motion to dismiss, Judge Wolf Reply MTD 2-5, ECF No. 42, no such response was filed in the docket in this case.

1988) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.").

Similarly, 42 U.S.C. § 1983 generally bars requests for injunctive relief against judicial officers: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." "The phrase declaratory relief in the current version of [Section] 1983 refers to the ability of a litigant to appeal the judge's order." *Weldon v. Kapetan,* No. 1:17-cv-01536-LJO-SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) (internal quotations and brackets omitted). Courts have also determined that only claims for prospective declaratory relief against judges—not claims seeking a declaration of past liability— are permitted under Section 1983. *See LaTulippe v. Harder*, 574 F.Supp.3d. 870, 884 (D. Or. Nov. 23, 2021) (citing cases from the Eighth and Tenth Circuits concluding that Section 1983 "provides only for prospective—not retrospective—declaratory relief") (citing *Just. Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019) and *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008)).

Here, Plaintiff's claims for damages against Defendant Judge Wolf are barred by the doctrine of absolute judicial immunity. First, Plaintiff's claims against Defendant Judge Wolf all stem from judicial actions. An act is judicial where (1) it was a "function normally performed by a judge," and (2) when the parties "dealt with the judge in [their] judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge retains absolute immunity from liability for judicial acts "even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."). Here, all of Plaintiff's

allegations against Defendant Judge Wolf concern actions taken as the presiding judge in the underlying foreclosure case. *See* Am. Comp. ¶¶ 10-15, 19. As all of Plaintiff's allegations concern functions normally performed by a judge, Defendant Judge Wolf is absolutely immune from suit for money damages.

Second, Defendant Judge Wolf's actions were not taken in the absence of all jurisdiction. To determine whether a judicial action is taken in the complete absence of all jurisdiction, the Court determines whether the judge had jurisdiction over the subject matter the time the judge took the challenged action. *See Stump*, 435 U.S. at 356 ("[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."). Here, because Wasco County Circuit Court is a court of general jurisdiction, Defendant Judge Wolf did not act in the complete absence of jurisdiction in presiding over the underlying foreclosure case. Accordingly, absolute judicial immunity bars Plaintiff's claims for damages.

The statute also prohibits Plaintiff's claims for declaratory and injunctive relief. As noted above, Plaintiff's claims for injunctive relief are barred by Section 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C § 1983. Plaintiff has not plausibly alleged that Defendant Judge Wolf violated a declaratory decree or that declaratory relief—i.e. his ability to appeal—was unavailable. While Plaintiff alleges that there was a delay in entering a final judgment in the underlying case, Am. Compl. ¶¶ 15-18, 20, Plaintiff does not plausibly allege that said delay foreclosed Plaintiff's ability to appeal altogether. Plaintiff's claim for declaratory relief also fails because it seeks retrospective relief. Am. Compl. V (seeking "[a] declaratory judgment that Defendants violated Plaintiff's constitutional rights"). Accordingly, the Court dismisses Plaintiff's claims against Defendant Judge Wolf.

///

## IV.    Leave To Amend

Because it is "absolutely clear that no amendment can cure the defect[s]" in Plaintiff's claims against Defendant Wasco County, *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016), the Court dismisses Defendant Wasco County with prejudice.

The Court, however, cannot conclude that no amendment could cure the defects in Plaintiff's claims against Defendant Judge Wolf and Legal Opponent Defendants. The Court therefore allows Plaintiff to file a motion to amend his complaint that explains how Plaintiff's second amended complaint cures the defects addressed in this Opinion & Order. Plaintiff shall file his proposed second amended complaint with his motion.

## CONCLUSION

The Court GRANTS IN PART Legal Opponent Defendants' Motion to Dismiss [8], Defendant Wasco County's Motion to Dismiss [22], and Defendant Judge Wolf's Motion to Dismiss [29]. Defendant Wasco County is dismissed with prejudice. Plaintiff's motion to amend his complaint is due within 30 days of this Opinion & Order. Plaintiff shall include a proposed second amended complaint with his motion. Failure to file this motion will result in dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED.

DATED this  6th  day of November, 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge