IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD WATKINS,

    Plaintiff,

v.

ANDREW MYERS, an individual, et al.,

    Defendants.

Case No. 3:25-cv-00758

OPINION & ORDER

**BAGGIO, District Judge:**

    Self-Represented Plaintiff Richard Watkins brings this action against Defendants Andrew Myers, Kendra Rose Thomas, Kenneth Thomas (collectively, the "Legal Opponent Defendants"), and Judge John A. Wolf alleging constitutional violations arising from an underlying state court action between Plaintiff and the Legal Opponent Defendants. The Court previously dismissed Plaintiff's Complaint. *See* Op. & Order ("O&O"), ECF No. 56. Plaintiff now seeks to amend his pleading to cure the deficiencies identified by the Court in its previous

1 – OPINION & ORDER

Opinion & Order. Pl. Mot. for Leave to File Am. Compl. ("Pl.'s Mot. Am."), ECF No. 59. For the reasons that follow, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint and dismisses this case with prejudice.

## BACKGROUND

As previously described by the Court in its November 6, 2025, Opinion & Order, this case arises out of a foreclosure action between Watkins[1] and Defendants Kenneth and Kendra Thomas. In his proposed Second Amended Complaint,[2] Watkins narrowly focuses his allegations on specific judicial acts undertaken before and during the underlying proceedings. *See* Proposed Second Am. Compl. ("SAC"), ECF No. 59-1.

Prior to the civil foreclosure action, Watkins alleges that Defendant Judge Wolf signed a criminal search warrant "authorizing a raid on [Watkins'] business," placing Defendant Judge Wolf "in an adversarial, investigative posture towards [Watkins]." SAC ¶ 13. Then, six weeks later, Defendant Judge Wolf "presided over [Watkins'] civil foreclosure case . . . , issuing rulings affecting [Watkins'] rights." SAC ¶ 14. Watkins takes issue with Defendant Wolf's failure to disclose the conflict or recuse himself from the civil case. SAC ¶¶ 15-16.

Watkins also alleges that various actions by Defendant Judge Wolf in the underlying civil proceeding violated Watkins' due process rights. First, Watkins alleges that Defendant Judge Wolf failed to determine whether the Trust Deed or Purchase and Sale Agreement controlled the outcome of the underlying civil proceeding before ruling on substantive legal issues, thus

---

[1] For clarity, the Court uses Plaintiff's last name, Watkins, in the background section of this Opinion because he is the defendant in the underlying foreclosure action.

[2] Plaintiff titled his complaint "First Amended Complaint." *See* SAC. The proposed complaint, however, is actually Plaintiff's third complaint in this action. *See* Compl, ECF No. 2; Am. Compl., ECF No. 5. The Court, therefore, refers to this document as Plaintiff's proposed Second Amended Complaint.

depriving Watkins of procedural due process. SAC ¶¶ 18-20, 24. Watkins also alleges that Defendant Judge Wolf inappropriately denied Watkins' motion to compel—and allowed summary judgment to proceed despite incomplete discovery—because Watkins could not confer with opposing counsel while incarcerated. SAC ¶¶ 25-32.

Finally, Watkins alleges that the Legal Opponent Defendants acted jointly with Defendant Judge Wolf to deprive Watkins of his due process rights. Specifically, Watkins alleges that the Legal Opponent Defendants knew Defendant Judge Wolf had engaged in the above-described conduct and filed motions and declarations that exploited these unconstitutional actions. SAC ¶¶ 22, 33-35.[3]

## STANDARDS

The "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has discretion whether to allow amendment. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1152 (9th Cir. 2016) ("'[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . .'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Exercise of that discretion is guided by four factors. Leave need not be granted where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

---

[3] Plaintiff also filed a document titled "Supplemental Pleading" to "place newly obtained matters of record before the Court that became available after the filing of Plaintiff's [Second] Amended Complaint." Pl.'s Suppl. Pleading 1, ECF No. 67. Plaintiff further clarifies that the supplemental facts "do not alter Plaintiff's claim[s]" but instead "confirm them." *Id.* at 7. The Court has reviewed this document and the attached exhibits and finds that they do not change its analysis here.

3 – OPINION & ORDER

Futility can, by itself, justify denial of a motion for leave to amend. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014).

While leave should ordinarily be freely given, the "[t]he district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (district court did not abuse discretion in denying leave to amend when the plaintiffs had "ample opportunity to properly plead a case and have failed to do so" and the plaintiffs previously failed to follow specific instructions from the court on how to amend the complaint); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [his] claims, the district court's discretion to deny leave to amend is particularly broad.").

## DISCUSSION

The Court previously dismissed Plaintiffs claims because: (1) Plaintiff had failed to adequately allege that the Legal Opponent Defendants acted jointly with a state actor—here, Defendant Judge Wolf—to violate Plaintiff's rights, and (2) Plaintiff's claims against Defendant Judge Wolf involve judicial actions and are barred by judicial immunity. O&O 6, 10. Plaintiff now moves to amend his complaint to cure these deficiencies. Pl.'s Mot. Am. 1-2; Pl.'s Mem. in Supp. of Mot. Am., ECF No. 60. Because Plaintiff's proposed Second Amended Complaint fails to do so, the Court denies the motion. The Court finds that further amendment would be futile and dismisses this case with prejudice.

///

///

I.  **Claim Against the Legal Opponent Defendants**

Plaintiff brings a claim for "Conspiracy/Joint Action" against the Legal Opponent Defendants, alleging that the Legal Opponent Defendants "acted jointly with [Defendant Judge] Wolf by relying on and exploiting his extra-judicial and unconstitutional conduct." SAC ¶ 40. "[P]rivate parties are not generally acting under color of state law . . . ." *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Only in "exceptional cases" will a private entity be treated as a state actor under Section 1983. *O'Handley v. Weber*, 62 F.4th 1145, 1155–56 (9th Cir. 2023) *cert. denied*, 144 S.Ct. 2715 (2024).

A private party may act under color of state law "where there is 'significant' state involvement in the action." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (citation omitted). The plaintiff must allege that the private party "is a willful participant in joint action with the State or its agents." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) (internal quotations and citation omitted); *see also Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 754 (9th Cir. 2024) (describing the "state policy" and "state actor" requirements to bring a Section 1983 claim against a private party). In other words, the court must determine "whether the nature of the relationship between the private party and the government is such that 'the alleged infringement of federal rights is fairly attributable to the government.'" *Children's Health Def.*, 112 F.4th at 754 (brackets omitted) (quoting *Pasadena Republican Club v. Western Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021)).

Again, Plaintiff has failed to allege that the Legal Opponent Defendants—who are all private parties—have acted under color of state law. Plaintiff's allegations against the Legal Opponent Defendants involve their participation in the state legal system and unilateral actions by these Defendants in the underlying proceedings. For example, Plaintiff alleges that the Legal

5 – OPINION & ORDER

Opponent Defendants had knowledge of Defendant Judge Wolf's rulings, SAC ¶ 33, filed motions and declarations that relied on those rulings, SAC ¶ 34, "selectively used inconsistent instruments to benefit from [Defendant Judge] Wolf's actions and pursued summary judgment knowing Plaintiff was denied evidence," SAC ¶ 35. But, as the Court noted previously, "'merely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a joint actor with the judge.'" *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980)). Plaintiff's continued allegation that the Legal Opponent Defendants merely invoked the state judicial process is not sufficient to allege that the Legal Opponent Defendants jointly participated with Defendant Judge Wolf to violate Plaintiff's rights. *See id*. As Plaintiff has failed to plausibly allege that Legal Opponent Defendants acted under color of state law, the Court dismisses Plaintiff's Section 1983 claim against the Legal Opponent Defendants.

**II.    Claims Against Defendant Judge Wolf**

Plaintiff brings three Fourteenth Amendment claims against Defendant Judge Wolf for "structural bias" and due process violations. SAC ¶¶ 37-39. "It is well settled that judges are generally immune from suit for money damages." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). There are only two circumstances where judicial immunity does not apply: nonjudicial actions and judicial actions taken in the complete absence of all jurisdiction. *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.").

Again, Plaintiff's claims are barred by the doctrine of judicial immunity. As with Plaintiff's previous complaint, all the claims against Defendant Judge Wolf stem from judicial

actions. An act is judicial where (1) it was a "function normally performed by a judge," and (2) when the parties "dealt with the judge in [their] judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge retains absolute immunity from liability for judicial acts "even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."). All of Plaintiff's allegations here—including those involving Defendant Judge Wolf's handling of a warrant involving Plaintiff and Defendant Judge Wolf's decisions in the underlying foreclosure case—concern functions normally performed by a judge and were undertaken by Defendant Judge Wolf in his judicial capacity. *See* SAC ¶¶ 13-32. Defendant Judge Wolf is therefore absolutely immune from suit for money damages.[4]

## CONCLUSION

Because the proposed amendments would be futile, the Court DENIES Plaintiff's Motion for Leave to File Amended Complaint [59]. Because Plaintiff has been provided an opportunity to cure the deficiencies identified herein and has failed to do so, the Court finds that dismissal with prejudice is appropriate in this case. Pending motions, including Plaintiff's Application for CM/ECF Registration as a Self-Represented Party [65], are DENIED as moot.

IT IS SO ORDERED.

DATED this  18th  day of February, 2026.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

---

[4] Plaintiff does not allege or argue that Defendant Judge Wolf acted in the complete absence of jurisdiction. Nor does Plaintiff argue that his claim for retrospective declaratory relief is exempt from Section 1983's general prohibition on claims for declaratory relief against judicial officers. *See* 42 U.S.C. § 1983.

7 – OPINION & ORDER